IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,149-01






EX PARTE JOE BAILEY JOHNSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 31304A IN THE 33RD DISTRICT COURT


FROM BURNET COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to 20 years' imprisonment. The Thirteenth Court of Appeals dismissed his
appeal. See Johnson v. State, AP-13-06-00577-CR, (Tex. App.- Corpus Christi, 2007, no pet.) (not
designated for publication).

 Applicant contends inter alia that counsel rendered ineffective assistance because counsel
failed to investigate this case and discover that the weapon used was an airgun. He alleges that
counsel failed to notice that the indictment contained errors as it alleged that the weapon was a
firearm and failed to allege that the weapon was capable of causing serious bodily injury or death. 
He alleges that counsel's advise to plead guilty was objectively deficient as the State could not prove
that a deadly weapon was used to commit this offense. He further alleges that his deferred
adjudication probation was revoked without due process of law as the only evidence which showed
he violated the terms of his probation was seized through an illegal search and seizure. Applicant
has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 668
(1984); Ex parte Carmona, 185 S. W.3d 492, (Tex. Crim. App. 2006). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues in that it shall
order counsel to file an affidavit addressing: (1) whether counsel noticed that the weapon was an
airgun when he investigated this case and, if so, why he decided not to challenge the deadly weapon
finding; (2) whether counsel noticed that there were errors on the indictment when he investigated
this case and, if so, why counsel decided not to challenge the indictment; (3) whether counsel
advised Applicant to plead guilty and, if so, why counsel believed pleading guilty was in Applicant's
best interest; (4) whether Applicant's conviction for possession for a controlled substance was the
sole reason Applicant's deferred adjudication probation was revoked; and, (5) whether counsel
believed that the evidence in Applicant's possession case was obtained in a lawful search and seizure
and, if so, the reasons for such a belief. The trial judge shall also supplement the record with a copy
of the indictment, the judgment, the trial court's written admonishments, the judicial confession, any
written waivers, the plea bargain agreement, a transcription of the court reporter's notes from the
plea hearing and the revocation hearing. In the appropriate case, the trial court may rely on its
personal recollection. Id. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law with regards to
Applicant's claim that counsel was ineffective. Specifically the trial judge shall make findings of
fact as to whether counsel noticed that the weapon was an airgun when he investigated this case and,
if so, why he decided not to challenge the deadly weapon finding. The trial judge shall make
findings of fact as to whether counsel noticed that there were errors on the indictment and, if so, why
he decided not to challenge the indictment. The trial judge shall also make findings of fact as to
whether counsel advised Applicant to plead guilty and, if so, why counsel believed that pleading
guilty was in Applicant's best interest. The trial shall also make findings of fact as to why
Applicant's deferred adjudication probation was revoked. Specifically, the trial judge shall make
findings of fact as to whether the revocation of Applicant's probation was based solely on evidence
gained through an illegal search and seizure. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 24, 2008

Do not publish